1

THE HONORABLE JAMES L. ROBART

2

3

4

5

UNITED STATES. DISTRICT COURT
6
FOR THE WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8

UNITED STATES OF AMERICA,                    Case No.:   CR12-195 JLR
9

10                  Plaintiff

11             v.                            DEFENDANT'S SUPERVISED
                                             RELEASE VIOLATION DISPOSITION
12                                           MEMORANDUM
        TERRAZE TAYLOR,
13

14                  Defendant

15

16                              **INTRODUCTION**

17
            Terraze Taylor is before this court following the filing of two Petitions alleging
18

19     four violations of supervised release.  The probation officer has alleged that Mr. Taylor

20     violated his conditions of supervision in two separate Petitions.

21
            In a Petition filed on October 11, 2016, the alleged violation is:
22

23          1.  Committing the crime of Harassment on or about July 31, 2016.

24

25

26

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 1

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

A second petition was filed on January 27, 2017 alleging three additional

violations. Mr. Taylor has not yet had an initial appearance on the second Petition which

alleges:

    1.   Committing the Crime of Stalking on or about January 26, 2017.

    2.   Committing the Crime of Violation of a Protection/No Contact Order on

        or about January 26, 2017.

    3.   Committing the Crime of Cyber Stalking on or about January 26, 2017.

Mr. Taylor is expected to admit violation 1 from the initial petition (Harassment)

and violations 2 (Violation of Court Order) and 3 (Cyberstalking) from the second

petition. It is anticipated that upon such admissions, violation number 1 from the January

27 Petition (Stalking) will be dismissed.

## DEFENSE RECOMMENDATION

Defense counsel recommends that any term of imprisonment imposed for the

violations run concurrently with the King County Superior Court sentence imposed in

case no.  17-1-00377-4.  Defense counsel agrees with the probation recommendation that

no supervised additional term of supervised release should follow because Mr. Taylor

will already be on 30-months of state community supervision.

## CASE HISTORY

Mr. Taylor was summoned into court on October 28, 2016 at which time he faced

violation number one from the October 11, 2016 petition, which he denied.  He was

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 2

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

released on an appearance bond and a hearing was set for November 28, however, Mr.

Taylor was subsequently arrested and charged in King County Superior Court on January

30, 2017 under case number 17-1-00377-4- KNT  with the crimes of Felony Stalking,

Felony Violation of a Court Order, and Cyberstalking.  Mr. Taylor was arrested and held

in custody during the pendency of his King County case.  On January 27, 2017 the

second violation petition was filed while Mr. Taylor was in King County custody.

While in State custody, Mr. Taylor entered a guilty plea in the Renton Municipal

Court to the charge of Disorderly Conduct (Amended down from Harassment).  He

received a sentence of 90 days with 64 days suspended.  On September 27, 2017, Mr.

Taylor entered guilty pleas in King County Superior Court to the charges of Felony

Violation of a Court No Contact Order and Felony Cyberstalking.  He was sentenced

pursuant to the Washington State Prison Based Special Drug Offender Sentencing

Alternative, RCW 9.94A.660 to serve a term of 30 months to be followed by 30 months

of Community Custody.  His sentence converts to a term of 60 months if he does not

complete the DOSA sentence requirements.

The supervised release violations and the King County charges are essentially

based on the same conduct.

Mr. Taylor was originally sentenced by this Court on February 13, 2013 on

charges of Conspiracy to Defraud the United States Government and False Claims

regarding the submission of false travel vouchers for reimbursement at the Veterans

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 3

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

Administration Hospital.  He was sentenced to serve a 24-month sentence and was released to a half-way house on January 14, 2014.  He was released from the half-way house on July 11, 2014.

Mr. Taylor has appeared before this court on three occasions since his release.  On August 27, 2014 a violation report was filed alleging the use of marijuana.  The probation officer recommended no action be taken and this Court concurred.  On August 5, 2015 Mr. Taylor requested a modification of his conditions of supervision to allow the use of Marinol.  This Court concurred.  Finally, on December 14, 2015 Mr. Taylor's supervised release was revoked for violation of a no contact order.  Mr. Taylor was sentence to time served and placed on 18 months of supervised release.  Mr. Taylor's current term of supervised release commenced on December 14,2015.  It would have expired in June of 2016 but for the filing of the current violations.

Following his release, Mr. Taylor resided at an apartment in Auburn and attended school at Highline Community College.  He received disability payments from the military and from Social Security. He received medical care through the VA.

## THE STATE COURT SENTENCE

The sentence imposed by the King County Superior Court was pursuant to R.C.W. 9.94A.660- Drug Offender Sentencing Alternative and R.C.W. 9.94A.662.  This sentence calls for Mr. Taylor to serve a prison term of 30 months if he completes the requirements of the DOSA sentence.  R.C.W. 9.94A.662 provides:

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 4

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900.
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

1

2

3      (1) A sentence for a prison-based special drug offender sentencing alternative
shall include:

4      (a) A period of total confinement in a state facility for one-half the midpoint of the
standard sentence range or twelve months, whichever is greater;

5      (b) One-half the midpoint of the standard sentence range as a term of community
custody, which must include appropriate substance abuse treatment in a program that
6 has been approved by the division of alcohol and substance abuse of the department
of social and health services;
7      (c) Crime-related prohibitions, including a condition not to use illegal controlled
substances;
8      (d) A requirement to submit to urinalysis or other testing to monitor that status;
and
9      (e) A term of community custody pursuant to RCW 9.94A.701 to be imposed
10 upon the failure to complete or administrative termination from the special drug
offender sentencing alternative program.
11      (2) During incarceration in the state facility, offenders sentenced under this section
shall undergo a comprehensive substance abuse assessment and receive, within
12 available resources, treatment services appropriate for the offender. The treatment
services shall be designed by the division of alcohol and substance abuse of the
13 department of social and health services, in cooperation with the department of
corrections.
14      (3) If the department finds that conditions of community custody have been
willfully violated, the offender may be reclassified to serve the remaining balance of
15 the original sentence. An offender who fails to complete the program or who is
administratively terminated from the program shall be reclassified to serve the
16 unexpired term of his or her sentence as ordered by the sentencing court.
17      (4) If an offender sentenced to the prison-based alternative under this section is
found by the United States attorney general to be subject to a deportation order, a
18 hearing shall be held by the department unless waived by the offender, and, if the
department finds that the offender is subject to a valid deportation order, the
19 department may administratively terminate the offender from the program and
reclassify the offender to serve the remaining balance of the original sentence.
20

21

22

23                          **MR. TAYLOR'S BACKGROUND**

24      Mr. Taylor is a 34 year-old disabled veteran. His service connected 100%

25 disability rating includes the diagnoses of PTSD with nightmare and hallucinations,

26

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

1  Traumatic Brain Injury, and Temporal Lobe Epilepsy from which he suffers seizures.  He

2  also has service related nerve damage to his neck and back.

3          Mr. Taylor has also been diagnosed with poly substance abuse with an opiate

4  addiction.  This was due to his use of pain medication prescribed by the VA for

5  treatment.

6          Mr. Taylor had joined the United States Army out of high school in August of

7  1999. In 2004 he was stationed in Kuwait and Iraq and a motor transport operator in a

8  combat engineer transport unit.  That year his truck as a part of a convoy ran over a land

9  mine causing the truck to turn over and catch fire.  There was rapid gun fire for over 45

10  minutes from enemy forces.  Mr. Taylor was treated at a camp clinic and returned to

11  duty.  Shortly after this incident, in May of 2004, he was stabbed with a knife in the neck

12  and back by another soldier while he was sleeping.  He was first treated at a medical

13  camp, then at a civilian hospital in Kuwait and later sent to Germany for treatment.  He

14  initially received a bad conduct discharge due to his use of marijuana but this was

15  changed and he was ultimately discharged under honorable conditions in September of

16  2007. Mr. Taylor's DD Form 214 verified the above information.  PSR ¶124-127

17          Prior to his 2007 discharge from the Army, Mr. Taylor had no criminal

18  convictions. Prior to coming to the State of Washington in 2009 Mr. Taylor had no felony

19  convictions and his only criminal history was for misdemeanor level offenses.  He had no

20  criminal history whatsoever as a juvenile.

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 6

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

1
2
3
4
        Mr. Taylor's supervised release violations and recent criminal convictions are all

related to his relationship with the mother of his child.  This relationship lasted between

2009 to 2016. For much of the relationship they resided together.

5
6
7
8
9
10
11
        During the turmoil in this relationship Mr. Taylor was shot by a man who had

briefly been dating  his former girlfriend.  Mr. Taylor was shot on August 1, 2016 in the

parking lot of his apartment complex in a drive by shooting.  Mr. Taylor was taken to

Harborview Medical Center with a gunshot to his left thigh that resulted in a fracture of

his hip.  Two men, one of whom had been dating his former girlfriend were charged but

the case but later dismissed because Mr. Taylor would not cooperate in the prosecution.

12
13
14
15
16
17
        Mr. Taylor recognizes that he has serious mental health issues and substance abuse

issues for which he has sought treatment.  He has attempted, without success, to gain

inpatient admission at the Seattle VA Medical Center for long-term psychiatric care.

However as is noted in an April 7, 2017 entry from the VA, long term psychiatric

services are not available.

18
19
                                         **CONCLUSION**

20
21
22
23
24
25
        The paramount question for this Court is whether additional incarceration, on top

of the 30 months already imposed by the King County Superior Court is necessary.  That

30 month term converts to a 60 month term if Mr. Taylor does not comply with the

requirements of his sentence both while in custody and during a 30 month term of

community supervision.

26

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 7

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642

1   Dated this 21st of November, 2017.

2
                                            Respectfully submitted,
3
                                            s/Peter A. Camiel
4                                           PETER CAMIEL,
5                                           WSBA No. 12596
                                            petercamiel@yahoo.com
6                                           Attorney for Defendant

7

8

9

10

11                           CERTIFICATE OF SERVICE

12      I hereby certify that on the 21st day of November, 2017 I filed the foregoing

13
document with the Clerk of the Court using the CM/ECF system, which will send notification of
14
filing to all registered parties.
15
                                            *Peter A. Camiel*
16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S SUPERVISED RELEASE VIOLATION
DISPOSITION MEMORANDUM - 8

CAMIEL & CHANEY, P.S.
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WA  98121-2315
PETER A. CAMIEL (206) 624-1551
CATHERINE A. CHANEY (206) 343-7642